1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA BURNS, | ) | 1:09cv1362AWI GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| JEFFREY R. LEVIN., M.D., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        Plaintiff, Linda Burns ("Plaintiff"), appearing pro se and proceeding in forma pauperis,

filed the instant complaint alleging negligence against her doctor, Dr. Jeffrey Levin, M.D.

("Defendant"). This action was initially filed in the United States District Court for the Middle

District of Tennessee and was transferred to this district on August 4, 2009.  The United States

District Court of the Middle District of Tennessee determined Plaintiff had established diversity

jurisdiction based on the fact that Plaintiff is a resident of Tennessee and Defendant is a resident

of California.  Plaintiff  is requesting ten million dollars in damages.

## DISCUSSION

A.        Screening Standard

        Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the

complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof

if the court determines that the action is legally "frivolous or malicious," fails to state a claim

1

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff

must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While legal conclusions

can provide a framework of a complaint, they must be supported by factual allegations.  Iqbal,

129 S. Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  Iqbal

at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations

of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

(1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff,

Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's

favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Plaintiff's Allegations

In her complaint, Plaintiff alleges that her physician, Dr. Levin, improperly diagnosed her

condition and prescribed medication for her which has resulted in paralysis.  More specifically,

Plaintiff alleges that she was referred to Dr. Levin on January 6, 2004.  Although not entirely

clear from the complaint, it appears that Plaintiff was being treated by Dr. Levin for multiple

sclerosis.

Plaintiff alleges that in April 2004, Dr. Levin told Plaintiff that she would get better and

have new energy if she took Betaseron.  Plaintiff alleges Dr. Levin did not do any blood tests

prior to prescribing the medication.  Immediately after taking the Betaseron, Plaintiff alleges she

noticed a change in her body and tried contacting the doctor repeatedly for two weeks without success.  Plaintiff alleges that she told Dr. Levin's nurse that the medication was making her paralyzed.  Dr. Levin did nothing to treat Plaintiff other than to tell her she needed an MRI.  Plaintiff alleges that she is now completely paralyzed and can no longer care for herself.  She also alleges that tests done on July 10, 2009, indicates that she does not have multiple sclerosis.  Further, a test completed on June 5, 2009, indicates that Plaintiff had a stroke.  Plaintiff is seeking ten million dollars to cover her medical and home care expenses.

C.   Analysis

Here, Plaintiff indicates that the basis of her claim is "misdiagnosis" and "negligence."  However, she has failed to state a claim as she has not alleged the necessary facts to satisfy the elements of these causes of action in her complaint.   Moreover, Plaintiff has alleged diversity jurisdiction but she has not indicated under which state law (i.e., California or Tennessee) she intends to pursue her claims.  Finally, there are several relevant facts that are missing from Plaintiff's complaint such as how long she was under Dr. Levin's care, whether Dr. Levin had diagnosed her as having multiple sclerosis, when she began taking the Betaseron and for how long of a period Dr. Levin prescribed the medication, whether she was taking the Betaseron to treat multiple sclerosis, and if, or when she discovered that she does not have multiple sclerosis.  She also needs to clarify how the fact that she had a stroke relates to her claims.  Additionally, Plaintiff indicates that "this problem began in Michigan" but it is unclear what this statement means and how this impacts her claim. Complaint at ¶ 5.

The court will allow Plaintiff an opportunity to cure the deficiencies in this complaint.  In so doing, the court construes Plaintiff's characterization of "misdiagnosis" as a medical malpractice claim.  As a preliminary matter, Plaintiff is advised that Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which  are essentially those cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party.  28 U.S.C. §§ 1331 and

1    1332; See also, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994);

2    Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).

3          In amending the complaint, Plaintiff is also advised that to state a claim for negligence

4    under California law she must establish that the defendant owed Plaintiff a legal duty, that

5    defendant breached that duty, and that the breach proximately caused her injuries. Gilmer v.

6    Ellington, 159 Cal. App. 4th 190, 196, 70 Cal. Rptr. 3d 893 (2d Dist. 2008); Ann M. Pacific Plaza

7    Shopping Center, 6 Cal. 4th 666, 673, 25 Cal. Rptr. 2d 137 (1993).  To state a claim for medical

8    malpractice under California law Plaintiff must establish: 1) the duty of the professional to use

9    such skill prudence, and diligence as other members of his profession commonly possess and

10   exercise, 2) a breach of that duty, 3) a proximate causal connection between negligent conduct

11   and resulting injury, and 4) actual loss or damage resulting from the professional's misconduct.

12   Powell v. Kleinman, M.D., 151 Cal. App. 4th 112, 122 (2007); Hanson v. Grode, 76 Cal. App. 4th

13   610, 606 (1999).

14         Similarly, in order to state a claim for negligence under Tennessee law, Plaintiff must

15   establish the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct

16   below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss;

17   (4) cause in fact; and (5) proximate, or legal, cause." McCall v. Wilder, 913 S.W.2d 150, 153

18   (Tenn.1995); see also Naifeh v. Valley Forge Life Ins. Co., 204 S.W.3d 758, 771 (Tenn.2006).

19   In Tennessee, medical malpractice actions incorporate the common law elements of negligence.

20   T.C.A. § 29-26-115.  Therefore, to state a claim for medical malpractice under Tennessee law,

21   plaintiff must establish: 1) a recognized standard of professional care, 2) that the defendant failed

22   to act in accordance with the applicable standard of care, and 3) that as a proximate result of

23   defendant's negligent act or omission, claimant suffered an injury which otherwise would not

24   have occurred. Id.

25   C.    Conclusion and Order

26         In sum, Plaintiff has not stated a cause of action against the defendant as her complaint

27   lacks factual details to support her claims.  The Court will provide Plaintiff with the opportunity

28   to file an amended complaint curing the deficiencies identified by the Court.

1    If Plaintiff opts to amend, her amended complaint should be brief, Fed. R. Civ. P. 8(a),

2  but should clearly identify the causes of action and which state law governs her claims.   Detailed

3  factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

4  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. at 1949

5  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).

6  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

7  plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While

8  factual allegations are accepted as true, legal conclusion are not. Id. at 1949.   Finally,

9  Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v.

10  Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

11  1987), and must be "complete in itself without reference to the prior or superceded pleading,"

12  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

13  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567

14  (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114

15  F.3d at 1474.

16    Based on the foregoing, it is HEREBY ORDERED that:

17  1.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file

18       an amended complaint curing the deficiencies identified by the Court in this order,

19       and

20  2.    If Plaintiff fails to comply with this order, this action will be dismissed for failure

21       to obey a court order.

22

23

24

25

26   IT IS SO ORDERED.

27  Dated:   **August 31, 2009**            _/s/_ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE
28