1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDA BURNS, | ) | 1:09cv1362AWI GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO CHANGE |
| | ) | VENUE WITHOUT PREJUDICE |
| v. | ) | |
| | ) | |
| JEFFREY R. LEVIN., M.D., | ) | |
| | ) | (Doc. 8) |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Linda Burns ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed a complaint on July 29, 2009, alleging negligence against her doctor, Dr. Jeffrey Levin, M.D. ("Defendant"). Dr. Jeffery Levin is currently a resident of Modesto, California. This action was initially filed in the United States District Court of the Middle District of Tennessee and was transferred to this district on August 4, 2009.

The United States District Court, Middle District of Tennessee determined Plaintiff had established diversity jurisdiction based on the fact that Plaintiff is a resident of Tennessee and Defendant is a resident of California. Plaintiff requested damages in the amount of ten million dollars. 28 U.S.C. § 1331. The Middle District of Tennessee determined that venue was proper in this district pursuant to 28 U.S.C. § 1391 (a) which provides as follows :

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a

1

judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
28 U.S.C.A. § 1391

On August 31, 2009, this Court screened the Plaintiff's complaint.  The Court dismissed the complaint with leave to amend on the basis that Plaintiff had not established a cognizable claim.  This Order outlined specific information that was lacking in the complaint and required that Plaintiff file an amended complaint within thirty days of the date of the Order.  Plaintiff did not file an amended complaint within the time allotted.  Instead, on October 1, 2009, Plaintiff filed the instant Motion to Change Venue.  In the motion, Plaintiff  requests that the case be transferred to the United States District Court in Michigan "where all this originated."  Doc. 8 at pg. 1.  Plaintiff further indicates that she is paralyzed from the waist down which makes it difficult to travel great distances.  Plaintiff currently resides in Tennessee.

As a preliminary matter, Plaintiff has not provided the Court with any legal authority in support of the Motion to Change Venue.  Furthermore, Plaintiff has not identified which United States District Court in Michigan the action should be transferred to, nor has she fully explained why venue would be proper in Michigan.[1]  It is unclear what events, if any, occurred in Michigan that relate to Plaintiff's claim that would establish that venue was proper there.  For example, it is not clear whether Plaintiff was even treated by Dr. Levin in Michigan, or for how long of a period.   Finally, at this juncture, there is no complaint pending before the Court because Plaintiff's initial complaint was dismissed and Plaintiff has not filed an amended complaint.

Plaintiff is advised that a Court may transfer a civil action to any other district or division where the action might have been brought for the convenience of parties and witnesses, or in the interest of justice.  28 U.S.C.A. § 1404.  However, Plaintiff's motion is procedurally premature because she has not stated a cognizable claim in the initial complaint, and defendant has not been served.  This Court will not entertain a motion to change venue without giving defendant an

---

[1] There is an Eastern and a Western Division of the United States District Court in Michigan.

1  opportunity to respond to the motion.  Given the limited information the court has at this time,

2  venue appears to be proper.  Accordingly, Plaintiff's Motion to Change Venue is DENIED

3  without prejudice.

4         In light of the fact that Plaintiff filed this motion, the Court will give Plaintiff another

5  opportunity to file an amended complaint even though the deadline for doing so has expired.  It is

6  recommended that Plaintiff seek the advice of an attorney as this case poses complicated legal

7  issues given the multi-jurisdictional nature of the action.   Plaintiff shall file the amended

8  complaint within twenty (20) days of this order.  **Plaintiff is advised that failure to file an**

9  **amended complaint will result in dismissal of this action without prejudice.**

10

11

12

13

14

15     IT IS SO ORDERED.

16  **Dated:**   __October 13, 2009__          __/s/ **Gary S. Austin**__

17                                  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28